JACK O'BOYLE & ASSOCIATES
P.O. Box 815369
Dallas, TX 75381
P: (972) 247-0653 | F: (972)247-0642
ATTORNEYS FOR ROCKY MOUNTAIN MORTGAGE COMPANY

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE:<br>  MARK ALVIN KLINE<br>  MELINDA DENISE KLINE | § § § § | CASE NO.: 19-31981<br><br>CHAPTER 13 |
| ROCKY MOUNTAIN MORTGAGE COMPANY<br>  *Movant,*<br><br>V.<br><br>MELINDA DENISE KLINE<br>MARK ALVIN KLINE<br>  *Respondent(s).* | § § § § § § § § § § § § § | |

### ROCKY MOUNTAIN MORTGAGE COMPANY's MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH REQUEST FOR WAIVER OF 30-DAY HEARING REQUIREMENT AND REQUEST FOR IN REM RELIEF

### NOTICE

This pleading requests relief that may be adverse to your interests.

If no timely response is filed within fourteen (14) days from the date of service, the relief requested herein may be granted without a hearing being held.

A timely filed response is necessary for a hearing to be held.

### WAIVER OF THIRTY DAY REQUIREMENT

Movant desires to waive the requirement of a Hearing within thirty (30) days under §362(e) and requests a Hearing at the next available date.

TO THE HONORABLE JUDGE OF SAID BANKRUPTCY COURT:

    NOW COMES Rocky Mountain Mortgage Company (hereinafter called "Movant"), and files this Motion for Relief from Stay against     (hereinafter called "Debtor") and would respectfully show unto this Court the following:

## I. INTRODUCTION

1. This Motion is brought pursuant to 11 U.S.C. §362(d) in accordance with Rule 4001 of the Bankruptcy Rules.

2. On or about December 02, 2019 Debtor filed a petition for an order of relief under Chapter 13 of the Bankruptcy Code.

## II. THE SUBJECT LOAN

3. Movant is the owner and holder or the mortgage servicer for the owner and holder of a note executed by MARK ALVIN KLINE on 02/27/2012 and in the original principal sum of $123,270.00. A true and correct copy of the Note is attached hereto as **Exhibit A-1.**

4. The indebtedness is secured by a Deed of Trust dated 02/27/2012 and executed by MARK ALVIN KLINE, which placed a lien on the real property and improvements thereon described as:

> LOT 10, BLOCK 67, TIERRA DEL ESTE UNIT FOURTEEN, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF IN VOLUME 78, PAGE 97, REAL PROPERTY RECORDS, EL PASO COUNTY, TEXAS COMMONLY KNOWN AS: 3700 TIERRA ALAMO DRIVE, EL PASO, TX 79938 (the "Subject Property").

A true and correct copy of the Deed of Trust and Assignment Chain (if applicable) is attached hereto as **Exhibit A-2.**

5. ROCKY MOUNTAIN MORTGAGE COMPANY is the Mortgagee of the Subject Loan. ROCKY MOUNTAIN MORTGAGE COMPANY is the Mortgage Servicer of the Subject Loan.

6. Debtor has failed to maintain current the payments due under the Note. The loan is contractually due for 07/01/2019 payment resulting in total arrearage of $4,184.00.

7. The outstanding principal indebtedness to Movant is $$104,803.20. This does not include accrued interest, late charges, attorney's fees and costs as provided in the Note and Deed of Trust. The total

amount due (the "Payoff Amount") is $107,332.28. Attached hereto as **Exhibit A-3** is a payment history and loan details with respect to the Obligations under the Note.

8. In accordance with the terms of the Note and Deed of Trust, Movant would allege that it is entitled to reasonable post-petition attorney's fees, including, but not limited to, fees, if any, for the preparation and filing of a proof of claim and fees and costs for the filing of this Motion for Relief from Stay.

9. Debtors has failed to provide adequate protection to Movant which constitutes cause to terminate the automatic stay of 11 U.S.C. §362(a).

### III.     FORECLOSURE AND BANKRUPTCY HISTORY

10. On 2/05/2018 Debtor(s) filed Chapter 13 Bankruptcy under case number 18-30165. **(Exhibit A-4)**. This case was dismissed on 3/09/2018 for failure to file information. **(Exhibit A-5)**.

11. On 3/28/2018 Movant noticed the Property to be auctioned at a foreclosure sale to be held May 01, 2018. **(Exhibit A-6)**.

12. On 3/29/2018 Debtor(s) filed Chapter 13 Bankruptcy under case number 18-30532. **(Exhibit A-7)**.

13. Debtor failed to attend the 341 Meeting or otherwise comply with the procedural requirements of the Court, or pay the filing fee, and on 7/05/2018 the Court dismissed Debtor(s). **(Exhibit A-8)**.

14. Thereafter Movant resumed foreclosure proceedings and on 10/30/2019 noticed the Property to be auctioned at a foreclosure sale to be held on 12/03/2019. **(Exhibit A-9)**.

15. On the day prior to the scheduled sale Debtor filed the instant action in what is by all appearances solely in an effort to stay foreclosure of the Property.

### IV.     RELIEF SOUGHT

15. Cause exists for relief from the automatic stay for the following reasons:

   i.   Movant's interest in the Property is not adequately protected;

   ii.  Debtor's failure to make payments on the Loan when due;

iii. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization;

iv. This case was filed in bad faith.

## V. REQUEST FOR IN REM RELIEF

16. Pursuant to Section 362(d)(4) a Bankruptcy Court can grant in rem relief from the Automatic Stay if it finds that the Debtor's conduct in filing the petition was "part of a scheme to delay, hinder, or defraud creditors that involved either- multiple bankruptcy filings affecting such real property."

17. A Court may draw a permissive inference of the intent to hinder, delay, or defraud creditors from the mere timing and filing of multiple bankruptcy cases. In re: Henderson, 395 B.R. 893, 903 (Bankr. D.S.C. 2008); In re: Johnson, No. 07-33312, 2008 WL 183342 (Bankr. E.D.Va. Jan. 18, 2008); In re: Montalvo, 416 B.R. 381 (Bankr. E.D.Ny. 2009); In re: Blair, Nos. 09-76150 & 09-77562, 2009 WL 5203738 (E.D.Ny. Dec. 21, 2009).

18. Based upon the conduct Debtor, Movant believes that he will continue to file bankruptcy cases on the eve of foreclosure in order to prevent Movant from foreclosing its lien on the subject property and thereafter securing possession of the Subject Property. For this reason, Movant is requesting that any order issued by this Court provide that no stay will arise if Debtor or anyone claiming an interest in the Subject Property files for bankruptcy protection in the future.

## VI. WAIVER OF 4001(A)(3)

19. The provision of Rule 4001 (a) (3) should be waived and Movant be permitted to immediately enforce and implement any order granting relief from the Automatic Stay.

WHEREFORE, PREMISES CONSIDERED, Movant prays that upon final hearing of this Motion, the Automatic Stay be terminated to permit Movant to take all steps necessary to foreclose its lien on the Subject Property in accordance with applicable law. Additionally, Movant requests in rem relief for the reasons set forth herein. Movant prays that the provisions of Rule 4001(a)(3) not apply to any order issued

by this Court in connection with this motion. Movant prays for such other and further relief, at law or in equity, to which it may show itself justly entitled.

*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES

/s/ *Travis H Gray*
Travis H Gray
TX Bar No.: 24044965
P.O. Box 815369
Dallas, Texas 75381
P: 972.247.0653
F: 972.247.0642
E: ecf@jackoboyle.com
ATTORNEYS FOR ROCKY MOUNTAIN
MORTGAGE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been sent to the persons listed below electronically or by first class mail on 12/16/19.

MARK ALVIN KLINE
3700 TIERRA ALAMO DRIVE
EL PASO TX 79938

Stuart C. Cox
1760 N. Lee Trevino Drive
El Paso TX 79936
CHAPTER 13 TRUSTEE

Melinda Denise Kline
3700 TIERRA ALAMO DRIVE
EL PASO TX 79938

/s/ Travis H Gray
Travis H Gray