**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARK ALVIN KLINE, and | § | CASE NO. 19-31981-hcm |
| MELINDA DENISE KLINE, | § | |
| | § | |
| | § | |
| Debtors. | § | CHAPTER 13 |

**DEBTORS' RESPONSE TO ROCKY MOUNTAIN MORTGAGE COMPANY'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH REQUEST FOR
WAIVER OF THIRTY (30) DAY HEARING REQUIREMENT,
AND REQUEST FOR IN REM RELIEF**

**TO THE HONORABLE BANKRUPTCY JUDGE H. CHRISTOPHER MOTT:**

**COMES NOW** MARK ALVIN KLINE and MELINDA DENISE KLINE, Debtors in the above-styled and -numbered cause of action (hereinafter referred to as "Debtors"), by and through the undersigned counsel, and hereby file this "Debtors' Response To Rocky Mountain Mortgage Company's Motion For Relief From The Automatic Stay With Request For Waiver Of Thirty (30) Day Hearing Requirement, And Request For In Rem Relief" (hereinafter referred to as the "Response"), in opposition to the "Rocky Mountain Mortgage Company's Motion For Relief From The Automatic Stay With Request For Waiver Of Thirty (30) Day Hearing Requirement, And Request For In Rem Relief (hereinafter referred to as the "Motion"), filed by Rocky Mountain Mortgage Company (hereinafter referred to as "Movant"), and in support of such Response respectfully show the Court the following:

**I.    FACTS.**

1.    On December 16, 2019, Debtors filed their Chapter 13 Plan therein providing for payment of all arrearages due. (DOC#12).

2.    As of this date, no objections have been timely filed opposing the Debtors'

Chapter 13 Plan, not even by Movant.

## II. ARGUMENT AND AUTHORITIES.

3. By filing the Chapter 13 Plan, therein providing for payment of all arrearages due Movant, Debtors have provided adequate protection to Movant, and therefore there is no cause to terminate the Automatic Stay of 11 U.S.C. § 362(A).

4. Further, the Motion also erroneously asserts that the instant case was filed in bad faith, asserting that the Debtors have filed multiple bankruptcy cases. However, since the Debtors have not filed two (2) or more single or joint cases within the previous year that have been dismissed (other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)), the stay should continue in effect, in accordance with 11 U.S.C. § 362(c)(4)(A)(i), and no waiver is appropriate under Bankruptcy Rule 4001(A)(3).

5. Based on the foregoing, any and all attorney's fees and costs requested by MHC should be denied.

## III. PRAYER.

**WHEREFORE**, Debtors pray the Court deny all relief requested in the Motion, and for such other and further relief to which Debtors may be justly entitled.

December 30, 2019

Respectfully submitted,

**THE NEVAREZ LAW FIRM, PC**
Attorneys And Counselors At Law
P.O. Box 12247
El Paso, Texas 79913
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**
State Bar No. 14933400

Attorney for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEBTORS' RESPONSE TO ROCKY MOUNTAIN MORTGAGE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH REQUEST FOR WAIVER OF THIRTY (30) DAY HEARING REQUIREMENT, AND REQUEST FOR IN REM RELIEF**, with all supporting attachments, exhibits, and affidavits referenced therein, if any, was served either by regular first class mail, postage prepaid, and/or by eFiling via an Electronic Filing Service Provider, and/or via facsimile, to the following parties in interest, on this December 30, 2019:

**MOVANT:**
Jack O'Boyle & Associates
P.O. Box 815369
Dallas. TX 75381
P: (972) 247-0653 IF: (972)247-0642
Attorneys For Rocky Mountain Mortgage Company

**TRUSTEE:**
Stuart C. Cox
1760 N. Lee Trevino Dr.
El Paso, Texas 79936

    /s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**